UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.  06-335 (RJL) |
| v. | : | |
| | : | |
| DOMINIQUE L. CAMPBELL | : | |
| | : | |
| Defendant. | : | |

NOTICE OF FILING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following **Amended Plea Agreement** which includes a new paragraph number nine (9) concerning the parties' agreement with regard to allocution at the Hearing on Violation (HOV) before Judge Urbina on December 12, 2006 in U.S. v. Dominique Campbell, Case 01-295.

With that, the following is submitted in preparation for a plea hearing in the instant case.

ELEMENTS OF THE OFFENSE

A. The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year,  in violation of 18 U.S.C. § 922(g)(1), are:

1. That the defendant knowingly possessed the firearm;

2. That, before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year; and

3. That the possession of the firearm was in or affecting commerce.

II.   COPY OF THE PLEA AGREEMENT

A copy of the plea agreement is attached.

III.   PENALTIES

Pursuant to 18 U.S.C §§ 924(a)(2), 3571(b)(3), and 3583(b)(2), the charge carries a maximum sentence of no more than 10 years of incarceration, a fine of no more than $250,000, or both, and a term of supervised release of up to three years.

IV.   STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

A copy of the Statement of Offense adopted by the defendant is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____
ANGELA HART-EDWARDS
Assistant United States Attorney
Federal Major Crimes Section
PA Bar No. 61468
555 4th Street, N.W.  #44241
Washington, DC 20001
Phone:        305-0037
Telecopier:   514-6010

- 2 -



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C.  20001*

December 5, 2006

**VIA FACSIMILE**

Carlos Vanegas, Esq.
Office of the Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20004

                Re:    <u>United States v. Dominique L. Campbell</u>
                       Case No. 06-428 (RJL)

Dear Counsel:

      This letter sets forth the full and complete plea offer to your client, Dominique Campbell, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire at our next Status Hearing on December 13, 2006.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

      **Charges and Statutory Penalties**

      1.  Your client agrees to plead guilty to Count One of the Indictment, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment Exceeding One Year, in violation of 18 U.S.C. §922(g)(1).

      2.  Your client understands that pursuant to 18 U.S.C §§ 924(a)(2), 3571(b)(3), 3583(b)(2), and 3013 the charge carries a maximum sentence of not more than 10 years of incarceration, a fine of not more than $250,000, or both, a $100 special assessment, a term of supervised release of up to three years, and an obligation to pay any applicable interest or penalties on fines not timely made.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

**Factual Stipulations**

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines**

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (November 2005) (hereinafter "Sentencing Guidelines" or "U.S.S.G").

**Acceptance of Responsibility –3-point reduction**

6. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**Agreement as to Sentencing Allocution**

7. The parties agree that the government will recommend a sentence at the low end within the applicable Sentencing Guidelines range and that the defendant will request such a sentence.

8. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that the defendant may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

9. The government agrees not to oppose the defendant's request to be sentenced at the low end of the Sentencing Guidelines (Nov. 2005) pursuant to §§ 7B1.3(a)(1) and 7B1.4(a)(1) in U.S. v. Dominique Campbell, CR 01-295 (RMU), Hearing on Violation on December 12, 2006, for

violating his conditions of supervised release by committing the offense in the instant case.

### Court Not Bound by the Plea Agreement

10. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

11. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Release/Detention

12. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

13. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

14. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

15. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

16. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

17. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

18. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Complete Agreement**

19. No other agreements, promises, understandings, or representations have been made by

the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

20.  Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

21.  If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

_____
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _____
ANGELA HART-EDWARDS
ASSISTANT UNITED STATES ATTORNEY

DEFENDANT'S ACCEPTANCE

    I have read this Plea Agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date:_____  _____
                                                      Dominique L. Campbell
                                                      Defendant

ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____  _____
                                                      Carlos Vanegas
                                                      Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   06-335 (RJL) |
| v. | : | |
| | : | |
| DOMINIQUE L. CAMPBELL | : | VIOLATION |
| | : | (18 U.S.C. 922(g)(1)) |
| Defendant. | : | |

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant DOMINIQUE L. CAMPBELL agrees and stipulates as follows:

If this case were to go to trial, the government's evidence would have established beyond a reasonable doubt that:

On or about October 4, 2006, at about 12:49 a.m. in the area of Ridge Road at Texas Avenue, S.E., members of the Metropolitan Police Department (MPD) observed a silver Chrysler Sebring bearing Maryland tags 7CBC80 traveling southeast on Ridge Road at a high rate of speed.  While using the calibrated speedometer of cruiser NCR #65197 MPD officer Brecht paced the Chrysler for about ½ mile and determined the vehicle to be traveling 40 miles per hour in a 25 miles per hour zone.  A traffic stop was conducted during which time the odor of alcohol emanated from the driver's mouth; the driver was identified as the defendant Dominique L. Campbell.  MPD officer Brecht asked the defendant whether he had had anything to drink to which the defendant replied he had 3 beers and a shot of Henessey.   MPD officer Brecht asked the defendant to exit the vehicle to conduct field sobriety tests.  As the defendant exited the vehicle, MPD officer Brecht asked the defendant whether he had any weapons on him at which time the defendant looked to his waist area.  A struggle between the officer and the defendant

ensued.  During the struggle, a hand gun fell from the defendant's person.  The handgun was a black semi-automatic 9mm - PC handgun, serial #EA10616 loaded with one (1) round in the chamber and nine (9) rounds in the magazine.

The defendant was previously convicted on January 22, 2001 of a crime punishable by imprisonment for a term exceeding one year in the U.S. District Court for the District of Columbia in case number 01-295.  Specifically, the defendant pled guilty to Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses.  The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of  Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

**DEFENDANT'S ACCEPTANCE**

I have read every word of this Statement of Offense.  Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date:_____              _____
                                     Dominique L. Campbell
                                     Defendant

I have discussed this Statement of Offense with my client, Mr. Campbell.  I concur with his decision to stipulate to this Statement of Offense.

Date: _____           _____
                                     Carlos, Vaneges
                                     Defendant's Counsel

2