UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 06-335(RJL) |
| v. | ) ) ) | |
| DOMINIQUE L. CAMPBELL | ) ) ) | |

**SENTENCING MEMORANDUM**

Defendant, Dominique L. Campbell, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

Mr. Campbell will appear before the Court for his Sentencing Hearing on Thursday, March 22, 2007. On January 8, 2007, Mr. Campbell entered a guilty plea to the one count indictment which charged him with Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment Exceeding One year in violation of 18 U.S.C. § 922(g)(1). The indictment charged Mr. Campbell with possessing the firearm on or abut October 4, 2006. Pursuant to the conviction Mr. Campbell faces a maximum sentence of 10 years of incarceration, followed by a term of supervised release of not more than three years, a fine of $250,000.00 dollars and a special assessment of $100.00 dollars.

According to Probation Officer Kelly Kraemer-Soares' Pre-Sentence Investigation Report ("PSR") Mr. Campbell is subject to a sentencing range of 37 to 46 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a final Base Offense

Level 17 and a Criminal History Category IV.

**Factual History**

Early in the morning of October 4, 2006 Mr. Campbell was the driver of a vehicle that was pulled over for a routine traffic investigation. During the course of the investigation the officers determined that Mr. Campbell may have been under the influence of alcohol. The investigation ultimately resulted in Mr. Campbell's arrest for possessing a firearm.

Later that day, Mr. Campbell was presented for his initial appearance. Pursuant to the government's request for pre-trial detention, Mr. Campbell was ordered held without bond. Mr. Campbell has been held without bond since October 4, 2006. Mr. Campbell never moved for release on his personal recognizance. On the contrary Mr. Campbell conceded to continued detention while he endeavoring to resolve his case through a plea. In short, Mr. Campbell never compelled the authorities or the Court to do anything beyond the scheduling of a few status conferences and a hearing to enter his guilty plea.

**ARGUMENT IN SUPPORT FOR A SENTENCE OF 37 MONTHS**

Mr. Campbell is before the Court facing his seventh criminal conviction. Unlike many young men who appeared before the Court with significant criminal records, Mr. Campbell has a verifiable history of gainful employment and responsible behavior toward his son and his wife. Regrettably, the instant conviction is extremely serious and it comes at a point in his life when he had found employment stability and personal happiness.

Mr. Campbell showed a commitment for personal responsibility by obtaining gainful and stable employment while he was on Supervised Release in criminal case no. 01-295(RMU). His wife, Ms. Chante Campbell has been very supportive of Mr. Campbell during this very difficult time

and separation. She is committed to her marriage and believes that Mr. Campbell will finally make the transition to long term lawful behavior.

While his present situation is bleak, Mr. Campbell has managed to remain hopeful about his future. Mr. Campbell has a very pleasant and gregarious demeanor. Consistent with accepting responsibility for his legal predicament he has never blamed his present situation on anyone. He acknowledges that he is responsible for his new criminal case, his current incarceration and for a potential long term sentence.

A sentence of 37 months would be a fair sentence based on Mr. Campbell's early notification of his intention to enter a guilty plea. Early notification warrants a two-point adjustment for acceptance of responsibility which relieved the government and the Court of expending resources in the prosecution of Mr. Campbell. Mr. Campbell very early, practically on the day of his initial appearance, informed the government of his intention to plea guilty. As a result the Court and government were spared the necessity of submitting pre-trial motions, a suppression hearing and any other pre-trial litigation. Accordingly, Mr. Campbell is deserving of the additional one point adjustment by a government motion.

I.   **PURSUANT TO UNITED STATES v. BOOKER , 18 U.S.C. § 3553(a) and, 18 U.S.C. § 3661 A SENTENCE OF 37 MONTHS IS REASONABLE AND APPROPRIATE.**

Pursuant to United States v. Booker, 125 S. Ct. 738 (2005) a Sentencing Court has to take into account the statutory sentencing directives of 18 U.S.C. §3553(a). Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, [and] the need to avoid

unwarranted sentencing disparities among similarly situated defendants U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005)

A sentence of 37 months of incarceration will certainly protect the community from Mr. Campbell until he is at least forty years old.  The 37 month sentence  has to be factored with the 20-month sentence that Mr. Campbell received from Judge Urbina in Criminal Case No. 01-295(RMU).  Before Judge Urbina, Mr. Campbell conceded that he had violated the terms of Supervised Release by the fact of his arrest and guilty plea in the instant case.  Viewed in this light Mr. Campbell's full sentence of incarceration would total 57 months if the Court were to impose the low end of the applicable sentencing range.

18 U.S.C. § 3553(a)(1) directs the Court to look at Mr. Campbell' history and nature and circumstance of the offense.  Mr. Campbell has pled guilty to possession of a firearm which is a very serious crime given the number of fatalities and serious injuries that are caused by people who unlawfully carry and discharged firearms.  However, aside from the 1991 conviction there is no evidence that Mr. Campbell has been known to use firearms to assault or in the commission of any other felony. On the other hand Mr. Campbell' history of employment and of vocational initiative demonstrates that he has the interest and capacity to be a productive and responsible citizen.

Pursuant to 18 U.S.C. § 3553(a)(1)(2)(A) Mr. Campbell' sentence must reflect the seriousness of the offense.  There is no question that Mr. Campbell violated the law and that the Court has to sanction his conduct.  As it stands now Mr. Campbell is facing a sentencing range of 37 to 46 months of incarceration. However, the seriousness of the offense has to take into account and result in a sentence that "promote[s] respect for the Law and provide[s] just punishment."

A combined sentence of 57 months of incarceration to be followed by three years of

Supervised Release without question will instill in Mr. Campbell a respect for lawful conduct that unfortunately has thus far escaped him. Fifty-seven months of incarceration will insure that Mr. Campbell will be released from prison when he is in his forties. At that point Mr. Campbell will be under strict supervision.

    Mr. Campbell will certainly bare in mind that the Court can be promptly returned him to prison. Undersigned counsel has emphasized to Mr. Campbell this Court's zero tolerance policy while under Court supervision. Thus a sentence of 37 months, consecutive to Judge Urbina's imposition of 20 months, will achieve the dual goal of instilling respect for the law while simultaneously protecting the community from Mr. Campbell's criminal behavior. Incarceration of 57 months will promote adequate deterrence from Mr. Campbell's penchant for firearms and his insistence in obtaining them.

    18 U.S.C. § 3553(a)(2)(D) directs the Court to consider Mr. Campbell' sentence in light of the educational or vocational training that will support his rehabilitation and education. Fifty seven months of incarceration will provide Mr. Campbell with the opportunity to work and learn another trade within the Bureau of Prison. During previous incarcerations Mr. Campbell took advantage of the available opportunities through gainful employment and in obtaining his GED. There is every indication to believe that Mr. Campbell will continue to pursue employment and vocational training in prison. This is a reasonable assumption since Mr. Campbell has never exhibited indolence and a desire for government handouts.

    18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The

additional relevant information that the Court can consider can simply be distilled to Mr. Campbell's mental health history. Admittedly, his mental health history does not rise to the level for a sentence below the applicable guideline range. However, Probation Officer Kraemer-Soares cogently summarized serious issues of parental neglect and abuse by Mr. Campbell's father and Mr. Campbell's struggles with Post Traumatic Stress Disorder. Given Mr. Campbell's mental health history the Judgement Order should include recommendations for a psychological evaluation and for individual and group counseling. Mr. Campbell's mental health concerns are additional factors that the Court can consider in imposing a sentence of 37 months of incarceration.

**CONCLUSION**

Mr. Campbell has the potential to finally make a dramatic and productive change in his life. Fortunately, Mr. Campbell does have the basic attributes that should allow him to lead a productive and law-abiding life. Mr. Campbell has a documented history of gainful employment. Furthermore, Mr. Campbell has the support of his wife who will assist him in fulfilling his obligations while under supervision.

Mr. Campbell very early during the pendency of the case decided to enter a guilty plea. Mr. Campbell did not want to challenge the government's evidence when he knew that he had committed a crime. Mr. Campbell wants to show the Court that he is ready to lead a lawful and productive life. For these reasons, undersigned counsel requests that the Court sentence Mr. Campbell to a term of incarceration of thirty-seven (37) months.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

                                          /s/
                              _____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500