UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 1:06-0335-01 (RJL) |
| : | |
| v. : | |
| : | |
| DOMINIQUE L. CAMPBELL : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to a period of incarceration at the low end of the Guidelines range of 37 - 46 months.

**I.   BACKGROUND**

On January 8, 2007, the defendant pleaded guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault, in violation of 18 U.S.C. §922(g)(1) and §924 (a)(2). As part of his plea, the defendant agreed that the following facts would have been established beyond a reasonable doubt had this case gone to trial:

On October 4, 2006, a traffic stop was conducted of the vehicle driven by the defendant in the area of Ridge Road at Texas Avenue, SE. for speeding in violation of D.C. traffic laws. During the traffic stop, alcohol emanated from the defendant's mouth. When asked, the defendant told the Metropolitan Police Department (MPD) officer that he had been drinking. The defendant was told to exit the vehicle so a field sobriety test can be conducted. As exiting the vehicle, the MPD officer ask the defendant, did he have any weapons on him. The

defendant's initial response was a glance to his waste area when a struggle ensued between the defendant and the MPD officer. During the struggle, a handgun fell from the defendant's waste area. The handgun was a black semi-automatic 9 mm PC handgun serial number EA10616 loaded with one round in the chamber and nine rounds in the magazine. The defendant was placed under arrest.

As indicated in the indictment, the defendant was previously convicted on January 22, 2001, of a crime punishable by imprisonment for a term exceeding one year in the US District Court in the District of Columbia in casenumber 01-295. Specifically, the defendant had pled guilty to Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).

## II.     SENTENCING CALCULATION

### A     Statutory Minimums/Maximums

Title 18, United States Code, Section 922(g)(1) and 924(a)(2) carries a maximum prison term of up to ten years and a maximum term of supervised release of three years.

### B.     United States Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Report ("PSR") calculates the defendant's total offense level at 17. See PSR ¶ 20. The PSR calculates the defendant's criminal history as Category IV. See PSR ¶ 30. The guideline range for the defendant is calculated at thirty seven (37) to forty six (46) months.

### C.     Impact of Booker

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment

principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 543 U.S. at 258. However, the Court expressly refused to invalidate the Guidelines in their entirety. To the contrary, the Court upheld the remainder of the Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described in the Guidelines. See 18 U.S.C. Section 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Id. at 261.

In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker at 262 (citing 18 U.S.C. Sections 3553(a)(4)&(5) (Supp. 2004)). In light of this mandate – and the continued requirement of written explanations for sentences that fall outside of the range called for by the Guidelines and the new standard of "reasonableness" review – it is plain that a sentence within the Guidelines, while not required, is reasonable per se. Not only is a sentence within the Guideline range reasonable per se, but it also accommodates the goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform

sentences.

It thus remains true that, absent unusual circumstances, the sentence in a criminal case should fall within the Guideline range as determined by this Court.  Each Supreme Court Justice in the various opinions in Booker recognized the express national policy goals, as articulated by Congress, that sentences be uniform across the country, to the extent possible, and that sentences be based on the offender's actual conduct and history.  See, *e.g., id.* at 253 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); *id*. at 250 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the real conduct that underlies the crime of conviction."); id. at 292 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 304-05 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

Since the Guidelines currently represent the only existing benchmark to encourage uniformity and thus the only tool to implement Congress' vision of sentencing uniformity and fairness, Guideline range sentences are currently the only mechanism available to implement Congress' basic statutory goals.   This is so, said the court in United States v. Wilson, 350 F. Supp.2d 910 (D. Utah 2005) – the day after Booker was decided – because the Guidelines represent the product of an expert commission, that has studied the sentencing process at great length, under the specific mandate of Congress, to fashion recommended sentences that carry out the purposes defined by Congress.  The resulting Guidelines, Wilson held, plainly reflect the

public's will, as expressed by their democratically elected representatives, in that Congress has repeatedly approved of the Guidelines or acted to adjust them to congressional preference. Wilson further observed that guided sentencing appears to have had a positive impact in deterring criminal conduct throughout the country, and thus serves the purpose of deterrence as well as punishment and fairness.  For all of these reasons, Judge Cassell determined that "the court will give heavy weight to the Guidelines in determining an appropriate sentence.  In the exercise of its discretion, the court will only depart from those Guidelines in unusual cases for clearly identified and persuasive reasons." Id. at 950.  A non-Guidelines sentence would, in the ordinary or usual case, unreasonably thwart legislative intent – in particular, the overriding concern with uniformity and the prevention of unfair disparities for similarly-situated defendants.

In this case, as explained further in the following Sections below, no unusual circumstances exist that warrant an exception to the preference for Guidelines sentencing in this case.

### III.   DEFENDANT SHOULD BE SENTENCED AT THE LOW END OF THE GUIDELINES RANGE OF 37 TO 46 MONTHS

The Government recommends that the defendant be sentenced at the low range within the Sentencing Guidelines.  First, the government acknowledges that the defendant has accepted responsibility here.  As stated in the PSR at ¶¶4 and 9, the government agrees that the defendant's base offense level should  be decreased by three points pursuant to Section 3E1.1(a) and (b) of the Sentencing Guidelines since he accepted responsibility for his conduct.   This is the primary reason for urging this Court to sentence the defendant at the low end of the applicable range.

A Guidelines sentence would not only be presumptively reasonable, for the reasons outlined in Section II.C. above, but would also be justified by consideration of the sentencing factors enumerated in 18 U.S.C. § 3553. Those factors fall into three main categories: the nature of the offense, the needs of the public, and the history and characteristics of the defendant. United States v. Ranum, 353 F. Supp.2d 984, 989 (E.D. Wis. 2005).

The defendant's illegal conduct represents a real and present danger to the community. In this case, the defendant possessed a loaded handgun in public and outside of his home. Considering gun violence is the source of the vast majority of crimes in this City and of violence against its citizens, the defendant's conduct here is reprehensible. It is vital that the Court send a message to both the defendant and the community that gun possession by a convicted felon will not be tolerated.

It should be noted that defendant has already received a substantial benefit for his early acceptance of responsibility. Specifically, the defendant received a three point decrease in his offense level under the Guidelines. Had the defendant not received this benefit, his Guidelines range would have been 51 - 63 months rather than 37 - 46 months. Accordingly, the defendant has already received all the leniency he should under the plea. Sentencing the defendant at the lower end of the Guidelines range would serve the interests of the community and give both the government and the defendant the benefit of the bargain negotiated.

IV.     **CONCLUSION**

    Wherefore, the government respectfully requests that the Court sentence the defendant to a prison term within the guideline range.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney
                Bar No.  498610

                _____

                ANGELA HART-EDWARDS
                Assistant United States Attorney
                Federal Major Crimes Section, Pa. Bar No. 61468
                555 4th Street, N.W.  Room 4241
                Washington, DC 20001
                Phone: 307-0031
                Fax: 514-6010

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant by electronic filing this 15th day of March, 2007.

                _____
                ANGELA HART-EDWARDS
                Assistant United States Attorney